MARCO QUAZZO (State Bar No. 142182)
MBV LAW LLP
855 Front Street
San Francisco, CA 94111
Telephone: (415) 781-4400
Facsimile: (415) 989-5143

Attorneys for Defendant
HEALTH IMAGING, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PET IMAGING OF SAN JOSE, LLC, a California limited liability company,

Plaintiff,

v.

HEALTH IMAGING, INC., a New York corporation,

Defendant.

Case No. C08 00154 JF

**ANSWER OF HEALTH IMAGING INC. TO COMPLAINT**

**DEMAND FOR JURY TRIAL**

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

Defendant Health Imaging, Inc. answers the complaint as follows:

**JURISDICTION**

1. Health Imaging lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis denies each and every allegation contained therein.

2. Health Imaging admits the allegations contained in paragraph 2.

3. Health Imaging lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis denies each and every allegation contained therein.

4. Health Imaging denies each and every allegation contained in paragraph 4.

**GENERAL ALLEGATIONS**

5. In response to paragraph 5, Health Imaging incorporates is answers to paragraphs 1 through 4 above.

6. Health Imaging admits that the parties orally agreed to jointly purchase a used Siemens 2-slice PET/CT system at a discount for the purpose of using the system in a new, for-profit business. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 6.

7. Health Imaging admits that the parties orally agreed to each contribute 50% of the purchase price for a used Siemens 2-slice PET/CT system, and to split 50/50 any profits generated by their new business. Health Imaging further admits that the Plaintiff orally agreed to contribute $158,000 towards a deposit for purchase of a used Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 7.

8. Health Imaging admits that it received a check dated July 29, 2004, from Plaintiff in the amount of $158,000 in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 8.

9. Health Imaging admits that it signed and forwarded to Plaintiff the letter dated October 28, 2004, which is attached to the complaint as Exhibit 1. The contents of the letter speak

for themselves. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 9.

10. Health Imaging admits that it informed Plaintiff that their attempt to purchase a used Siemens 2-slice PET/CT system had been delayed because the bank that had possession of the system, and that was keeping it in storage, would not accept the deposit monies tendered. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 10.

11. Health Imaging admits that it informed Plaintiff that the bank would not release possession of the system to Health Imaging until it cleared title to the system and received the deposit monies. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 11.

12. Health Imaging admits that in May 2006 Plaintiff demanded partial repayment of the $158,000 it previously delivered to Health Imaging. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 12.

13. Health Imaging admits that it repaid $85,000 to Plaintiff between May 2006 and August 2007. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 13.

14. Health Imaging has returned $85,000 of the $158,000 that it received from Plaintiff in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 14.

15. Health Imaging denies each and every allegation contained in paragraph 15.

**FIRST CLAIM**

16. In response to paragraph 16, Health Imaging incorporates is answers to paragraphs 1 through 15 above.

17. Health Imaging admits that the parties orally agreed to jointly purchase a used Siemens 2-slice PET/CT system at a discounted price for the purpose of using the system in a new business. Health Imaging further admits that the parties agreed to split 50/50 any profits generated by their new business. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 17.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

18. Health Imaging admits that the parties orally agreed to each contribute 50% of the purchase price for a used Siemens 2-slice PET/CT system, and that Plaintiff orally agreed to contribute $158,000 towards a deposit for purchase of a system. Health Imaging further admits that it signed and forwarded to Plaintiff the letter dated October 28, 2004, which is attached to the complaint as Exhibit 1. The contents of the letter speak for themselves. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 18.

19. Health Imaging denies each and every allegation contained in paragraph 19.

20. Health Imaging denies each and every allegation contained in paragraph 20.

21. Health Imaging denies each and every allegation contained in paragraph 21.

22. Health Imaging denies each and every allegation contained in paragraph 22.

23. Health Imaging denies each and every allegation contained in paragraph 23.

**SECOND CLAIM**

24. In response to paragraph 24, Health Imaging incorporates is answers to paragraphs 1 through 23 above.

25. Health Imaging denies each and every allegation contained in paragraph 25.

26. Health Imaging denies each and every allegation contained in paragraph 26.

27. Health Imaging denies each and every allegation contained in paragraph 27.

28. Health Imaging has returned $85,000 of the $158,000 that it received from Plaintiff in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 28.

29. Health Imaging denies each and every allegation contained in paragraph 29.

30. Health Imaging denies each and every allegation contained in paragraph 30.

**THIRD CLAIM**

31. In response to paragraph 31, Health Imaging incorporates is answers to paragraphs 1 through 30 above.

32. Health Imaging admits that it informed Plaintiff that a used Siemens 2-slice PET/CT system could be purchased for a discounted price and used in a new, for-profit business. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 32.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

33. Health Imaging admits that it received a check in the amount of $158,000 from Plaintiff in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 33.

34. Health Imaging admits that it signed and forwarded to Plaintiff the letter dated October 28, 2004, which is attached to the complaint as Exhibit 1. The contents of the letter speak for themselves. Health Imaging further admits that after sending the letter, Health Imaging informed Plaintiff that the bank which had possession of the Siemens 2-slice PET/CT system would neither release the system to Health Imaging nor accept the deposit monies. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 34.

35. Health Imaging denies each and every allegation contained in paragraph 35.

36. Health Imaging denies each and every allegation contained in paragraph 36.

37. Health Imaging denies each and every allegation contained in paragraph 37.

38. Health Imaging denies each and every allegation contained in paragraph 38.

39. Health Imaging denies each and every allegation contained in paragraph 39.

40. Health Imaging denies each and every allegation contained in paragraph 40.

**FOURTH CLAIM**

41. In response to paragraph 41, Health Imaging incorporates is answers to paragraphs 1 through 40 above.

42. Health Imaging denies each and every allegation contained in paragraph 42.

43. Notwithstanding its best efforts, Health Imaging was unable to obtain possession of the Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 43.

44. Health Imaging denies each and every allegation contained in paragraph 44.

45. Health Imaging denies each and every allegation contained in paragraph 45.

**FIFTH CLAIM**

46. In response to paragraph 46, Health Imaging incorporates is answers to paragraphs 1 through 45 above.

47. Health Imaging denies each and every allegation contained in paragraph 47.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

48. Health Imaging denies each and every allegation contained in paragraph 48.

49. Health Imaging denies each and every allegation contained in paragraph 49.

**SIXTH CLAIM**

50. In response to paragraph 50, Health Imaging incorporates is answers to paragraphs 1 through 49 above.

51. Health Imaging denies each and every allegation contained in paragraph 51.

52. Health Imaging denies each and every allegation contained in paragraph 52.

**SEVENTH CLAIM**

53. In response to paragraph 53, Health Imaging incorporates is answers to paragraphs 1 through 52 above.

54. Health Imaging denies each and every allegation contained in paragraph 54.

55. Health Imaging denies each and every allegation contained in paragraph 55.

56. Health Imaging denies each and every allegation contained in paragraph 56.

**EIGHTH CLAIM**

57. In response to paragraph 57, Health Imaging incorporates is answers to paragraphs 1 through 56 above.

58. Health Imaging admits that it received a check in the amount of $158,000 from Plaintiff in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 58.

59. Health Imaging has returned $85,000 of the $158,000 that it received from Plaintiff in connection with the intended purchase of a Siemens 2-slice PET/CT system. Except as so admitted, Health Imaging denies each and every allegation contained in paragraph 59.

60. Health Imaging denies each and every allegation contained in paragraph 60.

**PRAYER**

Health Imaging denies each and every allegation contained in Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

Health Imaging asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses after further discovery or investigation. In asserting these affirmative

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

defenses, Health Imaging does not assume the burden to establish any fact or proposition where that burden properly belongs to plaintiff.

FIRST AFFIRMATIVE DEFENSE

*Statutes of Limitations*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by the applicable statutes of limitation.

SECOND AFFIRMATIVE DEFENSE

*Failure to Perform Contractual Obligations*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by plaintiff's failure to perform its contractual obligations to Health Imaging.

THIRD AFFIRMATIVE DEFENSE

*Mistake of Law or Fact*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by mutual and/or unilateral mistake of law and mistake of fact.

FOURTH AFFIRMATIVE DEFENSE

*Statute of Frauds*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by the Statute of Frauds, which is codified in California as Civil Code § 1624.

FIFTH AFFIRMATIVE DEFENSE

*Good Faith*

Plaintiff's claims against Health Imaging are barred, in whole or in part, because Health Imaging acted at all times in good faith, without knowledge of any alleged wrongdoing and without a basis for such knowledge.

SIXTH AFFIRMATIVE DEFENSE

*Reasonable Conduct*

Plaintiff's claims against Health Imaging are barred, in whole or in part, because Health Imaging's alleged conduct has been reasonable, based upon independent, legitimate business and economic justifications, and without any wrongful purpose or effect.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

SEVENTH AFFIRMATIVE DEFENSE

*Justification/Privilege*

Plaintiff's claims against Health Imaging are barred, in whole or in part, because Health Imaging's acts and omissions were justified and/or privileged under statutory and common law.

EIGHTH AFFIRMATIVE DEFENSE

*Excuse*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by Plaintiff's own acts and omissions, which prevented and/or excused Health Imaging's performance.

NINTH AFFIRMATIVE DEFENSE

*Waiver/Estoppel*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

TENTH AFFIRMATIVE DEFENSE

*Release*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by Plaintiff's release of its claims.

ELEVENTH AFFIRMATIVE DEFENSE

*Laches*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in asserting its claims against Health Imaging, and such delay substantially prejudiced Health Imaging.

TWELFTH AFFIRMATIVE DEFENSE

*Unclean Hands*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by Plaintiff's unclean hands.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

THIRTEENTH AFFIRMATIVE DEFENSE

*Accord and Satisfaction*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by the doctrine of accord and satisfaction.

FOURTEENTH AFFIRMATIVE DEFENSE

*Ratification/Consent*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by Plaintiff's ratification and/or consent, express or implied.

FIFTEENTH AFFIRMATIVE DEFENSE

*California and New York Law*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by operation of provisions of the laws of the State of California and/or New York.

SIXTEENTH AFFIRMATIVE DEFENSE

*Speculative Damages*

The damages alleged in Plaintiff's complaint are remote and speculative; Plaintiff is barred from the recovery of any such damages against Health Imaging in this action.

SEVENTEENTH AFFIRMATIVE DEFENSE

*Uncertainty*

Plaintiff is barred, in whole or in part, from recovering any damages or other relief by reason of the uncertainty in the pleading of its causes of action and the alleged supporting facts within its Complaint.

EIGHTEENTH AFFIRMATIVE DEFENSE

*Unjust Enrichment*

Plaintiff's claims are barred, in whole or in part, because the recovery of money by Plaintiff through this action based on the complaint would constitute unjust enrichment.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

NINETEENTH AFFIRMATIVE DEFENSE

*Failure to Mitigate*

Plaintiff's claims against Health Imaging are barred, in whole or in part, by Plaintiff's failure to take reasonable and necessary measures to mitigate its damages, if any, and to protect its interests.

TWENTIETH AFFIRMATIVE DEFENSE

*No Equitable Remedies*

The Complaint and each claim contained therein are barred to the extent they purport to allege a cause of action seeking equitable remedies; any such remedy is barred by applicable law. In addition, Plaintiff's claims for equitable relief are barred because an adequate remedy is available at law.

TWENTY-FIRST AFFIRMATIVE DEFENSE

*Set-Off or Offset*

Defendant is entitled to a set-off or offset against any judgment awarded to Plaintiff, based on the allegations and prayer for relief set forth in Health Imaging's Counterclaim.

TWENTY-SECOND AFFIRMATIVE DEFENSE

*Punitive Damages*

Plaintiff's claim for punitive damages cannot be sustained because the law does not provide adequate safeguards to prevent excessive awards of such damages, in violation of Health Imaging's rights under the United States and California Constitutions. In addition, Plaintiff is precluded from recovering punitive damages in this action because Health Imaging at all times dealt with Plaintiff in good faith and did not knowingly, intentionally, maliciously, or consciously seek to, or in fact did, damage or injure Plaintiff in any manner.

TWENTY-THIRD AFFIRMATIVE DEFENSE

*Reservation of Rights*

Health Imaging has not knowingly or intentionally waived any applicable defenses, and hereby reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this action. Health Imaging reserves the right to amend (or seek to amend) its answer and/or affirmative defenses.

MBV LAW LLP
855 FRONT STREET
SAN FRANCISCO, CA 94111

**PRAYER FOR RELIEF**

WHEREFORE, Health Imaging prays for judgment as follows:

1. That Plaintiff takes nothing by its complaint;

2. That the Court dismiss the complaint in its entirety with prejudice;

3. That Health Imaging be awarded its costs of suit herein; and

4. For such other and further relief as the Court may deem just and proper.

In addition, Health Imaging hereby demands trial by jury on all claims triable to a jury.

DATED: April 11, 2008 MBV LAW LLP

By: /s/
MARCO QUAZZO
Attorneys for Defendant
HEALTH IMAGING, INC.

**MBV LAW LLP**
855 FRONT STREET
SAN FRANCISCO, CA 94111