1 | **Sharonrose Cannistraci, CSBN 121827**
**CANNISTRACI LAW FIRM**
2 | 99 Almaden Blvd., Suite 925
San Jose, CA 95113
3 | Phone: (408) 297-5400 x206
Fax: (408) 297-5407
4 | Email: sharonrose@cannistracilaw.com

5 | Attorney for Counter-Claimant
PET Imaging of San Jose, LLC

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

SAN JOSE DIVISION

9

| PET IMAGING OF SAN JOSE, LLC, a | ) | Case No. C08-00154 JF |
|---|---|---|
| California limited liability company; | ) | |
| | ) | **ANSWER TO COUNTER-CLAIM** |
| Counter-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HEALTH IMAGING, INC, a New York | ) | |
| Corporation. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

RELATED COUNTER-CLAIMS

Cross-Defendant PET Imaging of San Jose, LLC, answers the counter-claim of Health Imaging, Inc. as follows:

**THE PARTIES**

1. Admit Health Imaging is a corporation organized under the laws of the State of New York; deny on lack of information and belief the remaining allegations of paragraph 1.

2. Admit PET Imaging of San Jose, LLP (PET Imaging) is a limited liability company organized under the laws of the State of California, with its principal place of business located

(sidebar) CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1 in San Jose, California.

2       3.  Admit this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3 **GENERAL ALLEGATIONS**

4       4.  Admit that in the latter part of 2004, within the State of California Health Imaging

5 sought to purchase three California companies, PET Imaging of San Jose, LLC, PET Imaging

6 of Berkeley, LLC and PET Imaging of San Francisco, LLC (herein 'the proposed acquisition'),

7 and in the event of consummation of the proposed acquisition, members of the acquired

8 companies, including Bijan Farhangui, expected to receive their respective share of the

9 proceeds paid within the State of California. Except as otherwise expressly admitted elsewhere

10 in this Answer, all allegations in paragraph 4 are denied.

11       5.  Admit that in connection with the proposed acquisition, PET Imaging of San Jose,

12 LLC, PET Imaging of Berkeley, LLC and PET Imaging of San Francisco, LLC provided their

13 financial statements (prepared by their bookkeepers in California) to Health Imaging. Except as

14 otherwise expressly admitted elsewhere in this Answer, all other allegations in paragraph 5 are

15 denied.

16       6.  Except as otherwise expressly admitted elsewhere in this Answer, all allegations in

17 paragraph 6 are denied.

18       7.  Admit that prior thereto, on or about July 29, 2004, PET Imaging of San Jose, LLC

19 and Health Imaging entered into a separate, unrelated joint venture whereby these two parties

20 agreed to jointly purchase a used Siemens 2 Slice PET/CT system at a discounted price and

21 split 50/50 the profits derived from resale or use of the system, pursuant to which in California

22 PET Imaging paid $158,000 in trust to Health Imaging towards the purchase price of the

23 system and Health Imaging agreed to pay the balance (herein the "joint venture agreement")

24 and in October 2004 Health Imaging claimed to have purchased the system and agreed to

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1  reimburse PET Imaging's "$158,000 upon request":

2  "Health Imaging received a check in the amount of $158,000 dated July 29, 2004. These funds were allocated towards the purchase of a Siemens 2 Slice

3  PET/CT system along with Health Imaging's contribution of $500,000. The system was purchased through a private bank and will be available for

4  installation in January, 2005.

5  Should you choose not to go forward with the consummation of this purchase, Health Imaging will reimburse your contribution of $158,000 upon your

6  request."

7  Except as otherwise expressly admitted elsewhere in this Answer, all allegations in paragraph 7

8  are denied.

9      8.   Admit PET Imaging of San Jose, LLC and PET Imaging of Berkeley, LLC hired

10  and paid certified public accountants to prepare audited financial statements, which audited

11  financial statements were given to Health Imaging in connection with the proposed acquisition

12  of the three California companies. Except as otherwise expressly admitted elsewhere in this

13  Answer, all other allegations in paragraph 8 are denied.

14      9.   Except as otherwise expressly admitted elsewhere in this Answer, all other

15  allegations in paragraph 9 are denied.

16      10. Admit the proposed acquisition of the three California limited liability companies

17  was cancelled in or about December 2006-January 2007. Except as otherwise expressly

18  admitted elsewhere in this Answer, all other allegations in paragraph 10 are denied.

19      11. Admit the following:

20  (a)    With respect to the $158,000 held in trust by Heath Imaging for the joint

21  venture's purchase of the used Siemens 2-slice PET/CT system, on and after May 2006, PET

22  Imaging repeatedly demanded Health Imaging reimburse PET Imaging for the $158,000;

23      (1) In response, on May 16, 2006 Health Imaging made the first partial

24  repayment in the amount of $50,000 of the $158,000;

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1    (2) In response, on August 14, 2006 Health Imaging made the second partial

2    repayment in the amount of $25,000 of the $158,000;

3    (b)    After Health Imaging's proposed acquisition of the three California companies

4    was cancelled in December 2006- January 2007, Health Imaging notified PET Imaging of

5    Health Imaging's attorneys' fees and accountants' fees incurred to conduct its due diligence

6    related to the proposed acquisition of PET Imaging of San Jose, LLC, PET Imaging of

7    Berkeley, LLC and PET Imaging of San Francisco, LLC;

8    (c)    Thereafter, in response to PET Imaging's demand for reimbursement of the

9    $158,000 paid pursuant to the parties' joint venture agreement, Health Imaging made a third

10   partial repayment to PET Imaging in the amount of $10,000 of the $158,000 held in trust by

11   Heath Imaging for the joint venture's purchase of the used Siemens 2-slice PET/CT system.

12   Except as otherwise expressly admitted elsewhere in this Answer, all other allegations in

13   paragraph 11 are denied.

14       12. Admit the following:

15       (a) According to Health Imaging it diverted all or a portion of PET Imaging's

16           $158,000 held in trust for the joint venture's purchase of the Siemens 2-slice

17           PET/CT system to pay for Health Imaging's due diligence costs in connection

18           with Health Imaging's proposed acquisition of three California limited liability

19           companies;

20       (b) PET Imaging properly filed suit in 2008 seeking the following relief alleged in

21           the complaint:

22           (1) For general and special damages according to proof, including

23               reimbursement of the principle amount of $158,000 (less sums repaid

24               to date), loss of use of $158,000, loss of profits from the joint venture;

4

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1    (2) For an accounting of the contributions, assets, income, expenses and

2        profits of the joint venture;

3    (3) For an order imposing a constructive trust on the contributions, assets,

4        income, and profits of the joint venture and ordering Defendant to

5        disgorge the contributions, assets, income, and profits of the joint

6        venture;

7    (4) For prejudgment interest on all sums due Counter-Claimant at the rate

8        of 10% per annum from July 29, 2004 or other applicable date(s);

9    (5) For court costs;

10   (6) For attorney's fees to the extent allowed by law;

11   (7)  For punitive damages in an amount according to the discretion of the

12       court; For a jury trial on applicable issues and claims;

13   (8) For such other and proper relief as the court deems just and proper;

14   Except as otherwise expressly admitted elsewhere in this Answer, all other allegations in

15   paragraph 12 are denied.

16                          **FIRST CLAIM**
                       **(Breach of Oral Contract)**

17   13. Except as otherwise expressly admitted elsewhere in this Answer, all other

18   allegations in paragraph 13 are denied.

19   14. Except as otherwise expressly admitted elsewhere in this Answer, all other

20   allegations in paragraph 14 are denied.

21   15. Except as otherwise expressly admitted elsewhere in this Answer, all other

22   allegations in paragraph 15 are denied.

23   16. Except as otherwise expressly admitted elsewhere in this Answer, all other

24

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1  allegations in paragraph 16 are denied.

2  17. Except as otherwise expressly admitted elsewhere in this Answer, all other

3  allegations in paragraph 17 are denied.

## SECOND CLAIM
### (Promissory Estoppel)

18. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 18 are denied.

19. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 19 are denied.

20. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 20 are denied.

## THIRD CLAIM
### (Unjust Enrichment)

21. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 21 are denied.

22. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 22 are denied.

23. Except as otherwise expressly admitted elsewhere in this Answer, all other

allegations in paragraph 23 are denied.

## AFFIRMATIVE DEFENSES

PET Imaging asserts the following affirmative defenses and reserves the right to assert

additional affirmative defenses after further discovery or investigation. In asserting these

affirmative defenses, PET Imaging does not assume the burden to establish any fact or

proposition where that burden properly belongs to Counter-Claimant.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

## FIRST AFFIRMATIVE DEFENSE
### Statutes of Limitations

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by the applicable statutes of limitation.

## SECOND AFFIRMATIVE DEFENSE
### Failure to Perform Contractual Obligations

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-Claimant's failure to perform its contractual obligations to PET Imaging.

## THIRD AFFIRMATIVE DEFENSE
### Mistake of Law or Fact

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by mutual and/or unilateral mistake of law and mistake of fact.

## FOURTH AFFIRMATIVE DEFENSE
### Statute of Frauds

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by the Statute of Frauds, which is codified in California as Civil Code § 1624.

## FIFTH AFFIRMATIVE DEFENSE
### Good Faith

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, because PET Imaging acted at all times in good faith, without knowledge of any alleged wrongdoing and without a basis for such knowledge.

## SIXTH AFFIRMATIVE DEFENSE
### Reasonable Conduct

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, because PET Imaging's alleged conduct has been reasonable, based upon independent, legitimate business and economic justifications, and without any wrongful purpose or effect.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

## SEVENTH AFFIRMATIVE DEFENSE
### Justification/Privilege

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, because PET

Imaging's acts and omissions were justified and/or privileged under statutory and common

law.

## EIGHTH AFFIRMATIVE DEFENSE
### Excuse

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-

Claimant's own acts and omissions, which prevented and/or excused PET Imaging's

performance.

## NINTH AFFIRMATIVE DEFENSE
### Waiver/Estoppel

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by the

doctrines of waiver and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE
### Release

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-

Claimant's release of its claims.

## ELEVENTH AFFIRMATIVE DEFENSE
### Laches

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by the doctrine

of laches because Counter-Claimant unreasonably delayed in asserting its claims against PET

Imaging, and

such delay substantially prejudiced PET Imaging.

## TWELFTH AFFIRMATIVE DEFENSE
### Unclean Hands

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1  Claimant's unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Accord and Satisfaction

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by the doctrine

of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Ratification/Consent

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-

Claimant's ratification and/or consent, express or implied.

## FIFTEENTH AFFIRMATIVE DEFENSE
### California and New York Law

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by operation of

provisions of the laws of the State of California and/or New York.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Speculative Damages

The damages alleged in Counter-Claimant's complaint are remote and speculative; Counter-

Claimant is barred from the recovery of any such damages against PET Imaging in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Uncertainty

Counter-Claimant is barred, in whole or in part, from recovering any damages or other relief by

reason of the uncertainty in the pleading of its causes of action and the alleged supporting facts

within its Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Unjust Enrichment

Counter-Claimant's claims are barred, in whole or in part, because the recovery of money by

Counter-Claimant through this action based on the complaint would constitute unjust

enrichment.

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

## NINETEENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

Counter-Claimant's claims against PET Imaging are barred, in whole or in part, by Counter-Claimant's failure to take reasonable and necessary measures to mitigate its damages, if any, and to protect its interests.

## TWENTIETH AFFIRMATIVE DEFENSE
### No Equitable Remedies

The Complaint and each claim contained therein are barred to the extent they purport to allege a cause of action seeking equitable remedies; any such remedy is barred by applicable law. In addition, Counter-Claimant's claims for equitable relief are barred because an adequate remedy is available at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### Set-Off or Offset

Defendant is entitled to a set-off or offset against any judgment awarded to Counter-Claimant, based on the allegations and prayer for relief set forth in PET Imaging's Counterclaim.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### Bad Faith

Health Imaging at all times dealt with PET Imaging in bad faith and acted with malicious, oppression, and fraud to damage or injure Counter-Claimant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### Barred by Written Agreement

Health Imaging's claims are barred by the parties' written agreement of March 22, 2005 whereby each party agreed to bear its own costs, expenses, attorneys' fees and accountants' fees incurred in connection with the proposed acquisition.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### Misappropriation of Funds

By diverting PET Imaging's funds to pay Health Imaging's due diligence costs, Health

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

1   Imaging is guilty of misappropriation and diversion of funds held in trust.

2   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**Reservation of Rights**

3   PET Imaging has not knowingly or intentionally waived any applicable defenses, and hereby

4   reserves the right to assert and rely on other applicable defenses as may become available or

5   apparent during discovery in this action. PET Imaging reserves the right to amend (or seek to

6   amend) its answer and/or affirmative defenses.

7   **PRAYER FOR RELIEF**

8   WHEREFORE, PET Imaging prays for judgment as follows:

9   1.    For judgment in favour of PET Imaging of San Jose, LLC and against Health Imaging

10   on the Counter-Claim;

11   2.    For a finding that Health Imaging misappropriated PET Imaging's funds held in trust

12   for the sole benefit and purpose of the joint venture and Health Imagnig breached its fiduciary

13   duty by diverting said funds to its own use as admitted in the Counter-Claim;

14   3.    For a finding that the Counter-Claim was filed in bad faith with fabricated allegations

15   of a non-existent 'oral' agreement in "New York" and with findings that there is no factual or

16   legal merit to the Counter-Claim, there was no legitimate purpose for Health Imaging to file or

17   maintain the fabricated Counter-Claim, and for a finding that the true purpose of filing the

18   Counter-Claim was to unnecessarily delay the proceedings, unnecessarily increase the cost of

19   litigation, gain an unfair advantage in ADR proceedings, and discourage Counter-Claimant

20   from cost effectively pursuing its legitimate claims alleged in the Complaint, the factual basis

21   of which claims are conceded in the Counter-Claim;

22   4.    For Sanctions for filing engaging in bad faith frivolous litigation tactics including

23   attorneys' fees incurred to defend the counter-claim to deter similar future misconduct;

24

1    5.    For costs of suit herein;

2    6.    For attorneys' fees to the full extent provided by law; and

3    7.    For such other and further relief as the Court may deem just and proper.

4    In addition, PET Imaging hereby demands trial by jury on all claims triable to a jury.

5    DATED: May 1, 2008                    CANNISTRACI LAW FIRM

6

7                                                          By:_____

8                                                          Sharonrose Cannistraci
                                                              Counsel for Counter-Claimant
9                                                          PET Imaging of San Jose, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CANNISTRACI LAW FIRM
99 Almaden Blvd • Suite 925 • San Jose, CA 95113
Phone: 408.297.5400 • Fax: 408.297.5407

12