**Sharonrose Cannistraci, CSBN 121827**
**CANNISTRACI LAW FIRM**
99 Almaden Blvd., Suite 925
San Jose, CA 95113
Phone: (408) 297-5400 x206
Fax: (408) 297-5407
Email: sharonrose@cannistracilaw.com

Attorney for Plaintiff
PET Imaging of San Jose, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PET IMAGING OF SAN JOSE, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH IMAGING, INC, a New York Corporation.<br><br>Defendant. | Case No. C08-00154 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

    Plaintiff PET Imaging of San Jose, LLC, and Health Imaging, Inc., hereby submit their Joint Case Management Statement as follows:

    1. Jurisdiction and Service: The court has jurisdiction over the complaint and counter-claim. Plaintiff contends venue is proper. Health Imaging acknowledges this Court has personal jurisdiction but reserves the right to move for a change of venue to New York, because most of the party-affiliated and third-party witnesses are located there. All parties have been served.

2. Facts: It is undisputed that plaintiff provided defendant with $158,000 for the purpose of jointly purchasing a used Siemens system for a profit and defendant has partially reimbursed plaintiff for the $158,000 as follows: In May 2006 Health Imaging repaid $50,000 to PET Imaging. In August 2006, Health Imaging repaid an additional $25,000 to PET Imaging. In August 2007, Health Imaging repaid an additional $10,000 to PET Imaging. It is also undisputed that the parties engaged in serious negotiations regarding Health Imaging's proposed acquisition of plaintiff and there were due diligence costs incurred related to the proposed acquisition. The principal factual issue in dispute is (1) whether in December 2005 there was a meeting held in New York, and (2) whether PET Imaging authorized Health Imaging to apply the $158,000 towards payment of due diligence expenses relating to the proposed merger.

3. Legal Issues: The principal legal issues are whether the facts alleged by PET Imaging state a claim for breach of a joint venture agreement, conversion, fraud, breach of fiduciary duty, breach of an oral contract, and the other counts set forth in the complaint. In addition, it is disputed whether the alleged facts support each of the remedies sought in the complaint including the claim for attorneys' fees. Another principal legal issue in dispute is whether the written agreement for each side to bear their own costs and fees with respect to the proposed acquisition governs or whether the written agreement was superceded by a subsequent oral agreement alleged in the counter-claim.

4. Motions: Health Imaging reserves the right to file a dispositive motion as to PET Imaging's complaint. Plaintiff contemplates filing a motion to dismiss, motion for summary judgment and motion for sanctions.

5. Amendment of Pleadings. No amendment of pleadings is contemplated at this time.

6. Evidence Preservation: Plaintiff requests steps be taken to preserve evidence

relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material. Health Imaging represents it has taken reasonable steps to preserve evidence relevant to the issues in this action.

7. Disclosures: Health Imaging has complied with the initial disclosure requirements. Initial Disclosures will be completed by the time of the hearing.

8. Discovery: No discovery has yet been undertaken. The parties reserve the right to conduct extensive discovery, and anticipates the need for out-of-state depositions of parties and third parties as well as request and subpoena documents and propound special interrogatories and other available discovery procedures.

9. Class Actions: Not applicable.

10. Related Cases: Not applicable.

11. Relief: Health Imaging contends that if PET Imaging prevails on its complaint, the principal amount of damages awarded against Health Imaging should be $73,000 ($158K less the $85K already repaid). Health Imaging contends that if it prevails on its counterclaim, the principal amount of damages awarded against PET Imaging should be $85,000 (the amount Health Imaging repaid to PET). PET Imaging contends that if Health Imaging did not purchase the Siemens 2 system and PET Imaging prevails on its complaint, it should be reimbursed the remaining $73,000 plus interest on the total amount for $158,000 from the date of demand for payment, and awarded punitive damages for Health Imaging's false representations that it purchased the system and/or punitive damages for wrongfully diverting PET Imaging's monies for its own use or any other use besides purchasing the system. PET Imaging contends that if Health Imaging purchased the Siemens 2 system, then PET Imaging is entitled to $73,000 plus ½ of all profits and fair rental value of the system. PET Imaging contends that if Health

Imaging is prevails on its counter-claim its alleged damages should be calculated in the amount specifically authorized by and on the behalf of PET Imaging, if any such damages exist. The parties dispute each other's contentions.

12. Settlement and ADR: The parties have agreed to mediate this case pursuant to the court-sponsored mediation program.

13. Consent to Magistrate Judge For All Purposes: Health Imaging does not consent to a magistrate judge.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. No.

15. Narrowing of Issues: Health Imaging requests that all issues and claims in the complaint and counterclaim be tried together in a single proceeding. PET Imaging reserves the right to move to bifurcate the complaint and counter-claim.

16. Expedited Schedule: PET Imaging requests an early trial date.

17. Scheduling: Health Imaging proposes the following schedule: mediate the case by August, take depositions in September/October, file dispositive motion in November, discovery cutoff in January, pretrial conference in February, and trial in March 2009. PET Imaging requests a trial date set in September 2008 with expedited discovery.

18. Trial: The parties anticipate a jury trial that will last 4-6 days.

19. Disclosure of Non-party Interested Entities or Persons: Health Imaging has complied with Civil Local Rule 3-16 and is not aware of any such persons or entities. PET Imaging will comply with Civil Local Rule 3-16 and is not aware of any such persons or entities.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter. No unusual relief is necessary at this time.

| | |
|---|---|
| DATED: May 02, 2008 | CANNISTRACI LAW FIRM |
| | By: _____/s/_____ |
| | Sharonrose Cannistraci<br>Counsel for Plaintiff<br>PET Imaging of San Jose, LLC |
| DATED: May 02, 2008 | MBV LAW, LLP |
| | By: ___/s/_____ |
| | Marco Quazzo<br>Counsel for Defendant<br>Health Imaging, Inc. |